IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEDARDO EDWARD LUGO,

    Petitioner,                    No. CIV S-07-0278 LKK DAD P

    vs.

KUMA DEBOO, Warden,           ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 13, 2007, the undersigned ordered respondent to respond to the petition. On July 25, 2007, respondent filed a motion to dismiss the petition as moot. On August 6, 2007, petitioner filed an opposition to respondent's motion. On August 20, 2007, respondent filed a reply.

**BACKGROUND**

        On October 1, 1994, petitioner was convicted of conspiracy to distribute cocaine and two counts of distribution of cocaine. (Pet. at 2). Petitioner was sentenced to 168 months on the conspiracy and to a concurrent 120-month term on the distribution counts. (Pet. at 2.) Petitioner and his co-defendants appealed their convictions. On appeal, the United States Court of Appeal for the Eighth Circuit reversed petitioner's conviction on the two distribution counts.

1

See United States v. O'Connor, 64 F.3d 355, 356 (8th Cir. 1995). The reversal of those two convictions, however, did not affect petitioner's confinement because of his 168-month sentence imposed for the conspiracy conviction which was affirmed. O'Connor, 64 F.3d at 356 n.1.

On February 12, 2007, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the decision of the U.S. Bureau of Prisons (BOP) denying him early release eligibility pursuant to 18 U.S.C. § 3621. Petitioner alleges that, on October 5, 1995, he became eligible for a one-year reduction of his federal sentence pursuant to 18 U.S.C. § 3621(e). (Pet'r's Mem. of P. & A. at 2.) Petitioner claims as follows. On September 6, 1996, he completed the 500-hour residential drug abuse treatment program. (Id.) Thereafter, he completed the non-residential drug abuse treatment component. (Id.) On June 28, 1998, petitioner was cited in a BOP incident report for a "walkaway" from the Nellis Federal Prison Camp in Las Vegas, Nevada. (Id.) On February 2, 2007, six months before he was to be placed in a halfway house, the Acting Drug Abuse Program Coordinator at Federal Correctional Institution, Herlong, submitted a "Change In Drug Abuse Status" form, stating "Due to inmate's escape on June 27, 1998, failed the non-residential transitional component of the RDAP, thus is not eligible for § 3621(e) early release." (Id. at 3; Attach. B.)

Petitioner raises three grounds for relief in his petition: (1) he became eligible for early release in 1995 and the reliance on a Program Statement dated April 23, 1997, to revoke his eligibility for early release violates the retroactivity doctrine; (2) respondent's interference with his attempt to complete CCC Placement in a halfway house is a form of deliberate indifference prohibited under Estelle v. Gamble, 429 U.S. 97, 104 (1976); (3) because he did not fail the non-residential transition services program, he still qualifies for early release. (Pet. at 3; Pet'r's Mem. of P. & A. at 3-6.) Petitioner argues that he is entitled to habeas relief and requests that the court grant him early release to a Community Correction Center (CCC) on August 13, 2007.

/////

/////

**RESPONDENT'S MOTION TO DISMISS**

Respondent moves to dismiss the petition on the grounds that it is moot. Respondent characterizes the petition as presenting a claim by petitioner that he has completed the first two of three components of the Residential Drug Abuse Program ("RDAP") administered by the BOP, the BOP is wrongly denying him admission into the third component and that completion of all three components would allow petitioner to be considered for early release from confinement. (Resp't's Mot. to Dismiss at 1.) Respondent argues that petitioner is not being denied admission into the third component of the RDAP and is, in any event, not entitled to release.

In this regard, respondent acknowledges that on February 2, 2007, petitioner did receive a notice from the Acting Drug Abuse Program Coordinator stating he was no longer eligible for early release because of the "walkaway." (Resp't's Mot. to Dismiss at 1.) However, respondent explains that in response to petitioner's filing of the instant petition, the BOP conducted an internal review of the matter and rescinded the February 2, 2007 notice and made the decision to treat petitioner as though he had successfully completed the Institutional Residential Drug Abuse Treatment and the Transitional Drug Treatment Services components of the RDAP. (Id. at 1-2.) Since this is the relief petitioner seeks, respondent contends that the instant petition is now moot and should be dismissed.[1] (Id. at 1-3.)

/////

---

[1] Respondent also maintains that before petitioner can gain early release, he must successfully complete the third component of the RDAP, the community-based treatment component. (Resp't's Mot. to Dismiss at 2.) Respondent notes that BOP will review petitioner's eligibility for community-based treatment placement, which was previously suspended as a result of the February 2, 2007 change in drug abuse status. (Id.) That review had not taken place at the time respondent filed the pending motion to dismiss. Accordingly, respondent could not make any representation about whether petitioner met the eligibility criteria for community-based treatment placement. (Id.) However, respondent emphasizes that, even if petitioner is admitted to and completes the community-based treatment component, the decision on whether to grant him an early release as well as when to release him is within the discretion of the BOP. (Id. at 2-3.)

3

**PETITIONER'S OPPOSITION**

In a brief opposition, petitioner argues that BOP's decision to rescind the February 2, 2007 notice and treat petitioner as if he successfully completed the 500-hour Drug Abuse Treatment Program essentially means that the decision finding him ineligible for early release never took place. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.) As such, petitioner argues that respondent should reinstate petitioner's release date eligibility and not allow the BOP to make yet another determination as to whether he is eligible for the third component of the program. (Id.) Contrary to respondent's claims, petitioner contends that the one-year review for early release has already been completed and there is no reason why he should not be allowed to complete his treatment plan as was intended and agreed previously. (Id.)

**RESPONDENT'S REPLY**

In reply, respondent reiterates that the BOP erred originally by finding petitioner had not successfully completed the first two components of the RDAP (i.e., the Residential Component and the Transitional Component). (Resp't's Reply at 1.) Respondent notes that the motion to dismiss acknowledged this mistake since petitioner had in fact completed these two components and was eligible to be admitted to the third part of the RDAP, the Community Corrections Component. (Id.) Since this is the relief petitioner's habeas petition sought, respondent argues that the petition is moot. However, respondent contends that petitioner now appears to claim that he has already earned his right to an early release. Respondent argues that petitioner is simply incorrect in this regard. (Id.)

Respondent argues that a prisoner never becomes "entitled" to early release. (Resp't's Reply at 2.) Section 3621(e) allows, but does not require, BOP to release a prisoner who completes the RDAP early. (Id.) According to respondent, the courts that have considered this issue have uniformly held that the BOP can deny any early release to a prisoner even if he successfully completes the entire RDAP. (Id.) Specifically, the Ninth Circuit has twice stated that the BOP has the discretion to retain prisoners in custody even if they have successfully

4

1  completed the entire RDAP.  (Id.) (citing McClean v. Crabtree, 173 F.3d 1176, 1182 (9th Cir.
2  1999) and Jacks v. Crabtree, 114 F.3d 983, 986 (9th Cir. 1997)).  According to respondent, the
3  U.S. Supreme Court has reached the same conclusion.  (Id.) (citing Lopez v. Davis, 531 U.S.
4  230, 239-40 (2001)).  In fact, respondent argues, one in petitioner's position has no legally
5  protected interest at all in the decisions made by the BOP regarding early release.  A one-year
6  reduction in a prison term is the maximum a prisoner can hope for and is not the inevitable result
7  of a prisoner's completion of the RDAP.  Respondent notes that the average reduction in
8  sentence received by prisoners who successfully complete the RDAP is not one year, but rather
9  8.5 months.  (Id.; Stewart Decl. at 1.)  Respondent contends that petitioner's claim that he is
10 already entitled to one year off of his existing sentence is therefore without merit.  (Resp't's
11 Reply at 2.)

12         Respondent also argues that a prisoner has no vested right in any sentence
13 reduction until he has completed the RDAP.  (Resp't's Reply at 3.)  The community-based phase
14 of that program can last as long as 180 days depending on the needs of the prisoner.  (Id.)  During
15 this time, a prisoner can lose all possibility of early release even if he has, like petitioner,
16 successfully completed both the institutional components of the program.  (Id.)  For instance,
17 failure to demonstrate "positive behaviors" during the community-based portion of the program
18 can cause the prisoner to lose all eligibility for early release.  (Id. at 3.)

19         Respondent contends that petitioner erroneously believes that the court should
20 order BOP to start the community corrections phase of the RDAP by August 13, 2007.  (Resp't's
21 Reply at 3.)  According to respondent, where and when to place petitioner is solely within the
22 discretion of the BOP.  (Id.)

23         With respect to petitioner claim than an annotation on his sentence monitoring
24 sheet reflects that he is already entitled to a full year off his sentence, respondent notes that the
25 entry states that petitioner's "projected satisfaction date" is February 11, 2008, and his "projected
26 satisfaction method" is "3621E CMPL."  (Resp't's Reply at 3-4.)  According to respondent, this

notation means nothing more than that petitioner may be released on February 11, 2008, if he satisfactorily completes the RDAP. (Id. at 4.) Respondent again contends that petitioner has not even commenced the community-based component of the program and can lose his eligibility to be considered for early release if he does not continue to perform satisfactorily. (Id.) According to respondent, petitioner's reading would make the community-based portion of the program meaningless since if a prisoner could become entitled to an early release before he entered the residential re-entry center, he could ignore the requirements of that portion of the program. (Id.)

**ANALYSIS**

I. Title 18 U.S.C. § 3621

Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes. In 1990, Congress amended § 3621 to provide that "[t]he Bureau [of Prisons] shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." See 18 U.S.C. § 3621(b). See also Lopez v. Davis, 531 U.S. 230, 233 (2001). Four years later, Congress amended § 3621 again to provide incentives for prisoners to participate in the BOP drug treatment program. Lopez, 531 U.S. at 233. The incentive provision states:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

The discretionary language of § 3621 contemplates the BOP's implied authority to design the sentence reduction treatment program and its discretion to grant or deny the sentence reduction. See McClean v. Crabtree, 173 F.3d 1176, 1182 (9th Cir. 1999), cert. denied, 528 U.S. 1086 (2000); see also Bowen v. Hood, 202 F.3d 1211, 1218-19 (9th Cir. 2000) (BOP has discretion to deny inmates eligibility for early release if their offense was a felony and involved possession or use of a firearm or dangerous weapon); Jacks v. Crabtree, 114 F.3d 983, 986 (9th

Cir. 1997) (BOP has discretion to promulgate regulations that categorically deny sentence reduction to prisoners with prior convictions for violent offenses). Thus, § 3621 grants the BOP the discretion to keep a prisoner in custody even after he has successfully completed residential substance abuse treatment in stating that "[a]ny prisoner who, in the judgment of the Director of the [BOP], has successfully completed a program of residential substance abuse treatment . . . shall remain in the custody of the [BOP] under such conditions as the [BOP] deems appropriate." McClean, 173 F.3d at 1182 (quoting 18 U.S.C. § 3621(e)(2)(B)).

The BOP's broad discretion, however, does not immunize its decisions from judicial review. Downey v. Crabtree, 100 F.3d 662, 666 (9th Cir. 1996). In particular, the Ninth Circuit has applied the bedrock principle that "retroactivity is not favored in the law" in reviewing BOP decisions regarding eligibility under the sentence reduction treatment program. See Bowen, 202 F.3d at 1220-21. Thus, the court has explained:

> [T]his is not a game of Lucy and the football from the world of Charles Schulz. Rather, it is a serious administrative agency program to be administered in a consistent, coherent ma[nn]er. An agency cannot provide participants with a determination of eligibility based on the purported examination of objective criteria, then subsequently deny them eligibility by exercise of whim. If we expect inmates to observe the rule of law, we must adhere to it ourselves.

Bowen, 202 F.3d at 1222. See also Cort v. Crabtree, 113 F.3d 1081, (9th Cir. 1997) (BOP's new definition of "nonviolent offenses" could not be applied to prisoners already in the treatment program or prisoners who had already been found eligible for sentence reduction).

II. BOP Program Statement 5330.10 (1995)

On May 25, 1995, BOP released a Program Statement that established operational policy and procedural guidelines for the delivery of drug abuse treatment services. The Program Statement also established implementation guidelines for 18 U.S.C. § 3621 and described the components of the RDAP as well as early release qualifications. The Program Statement had an effective date of June 26, 1995, and therefore, applies to petitioner. Pursuant to the Program

Statement, the BOP employs a five-component treatment strategy, which includes: (1) Orientation, Screening, and Referral; (2) Drug Abuse Education; (3) Non-residential Drug Abuse Treatment Services; (4) Residential Drug Abuse Treatment Program; and (5) Transitional Services. Components four and five are most relevant for purposes of this case.

Chapter Five of the Program Statement describes the residential drug abuse treatment program. In relevant part, it provides:

> Residential drug abuse treatment is available at selected Bureau of Prisons institutions. It is a course of individual and group activities provided by a team of drug abuse treatment specialists and the drug abuse treatment coordinator in a treatment unit set apart from the general prison population, lasting a minimum of 500 hours over a six to twelve-month period. Inmates enrolled in a residential drug abuse treatment program shall be required to complete subsequent transitional services programming in a community-based program and/or in a Bureau institution.

Chapter Seven of the Program Statement describes the transitional drug treatment services component of the program. In relevant part, it provides:

> Transitional treatment programming is required for all inmates completing an institution's residential treatment program. Transitional treatment includes treatment provided to inmates who, upon completing the residential program, return to the general population of that or another institution or who are transferred to a community-based program. An inmate's refusal to participate in this program is considered a program failure and disqualifies the inmate for any additional incentives consideration, and may result in the inmate's redesignation.
>
> (a) An inmate who successfully completes a residential drug abuse program and who participates in transitional treatment programming at an institution is required to participate in such programming for a minimum of one hour per month.
>
> (b) An inmate who successfully completes a residential drug abuse program and who, based on eligibility, is transferred to a Community Corrections Center (CCC), is required to participate in a community-based treatment program, in addition to the required employment and other program activities of the CCC. The inmate's failure to meet the requirements of treatment may result in the inmate's being returned to the institution for refusing a program assignment.

/////

III. Mootness

The case or controversy requirement of Article III of the Constitution deprives federal courts of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The federal courts are "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

IV. Discussion

As noted above, petitioner raises three grounds for relief in the instant petition. First, petitioner contends that the BOP's February 2, 2007 denial of his eligibility for early release violates the retroactivity doctrine because respondent revoked his eligibility based on a 1997 Program Statement, which was not in effect when petitioner was first deemed eligible for early release in 1995. Even assuming petitioner's allegations to be true, petitioner's claim has since been rendered moot.

The parties do not dispute that petitioner has completed components one and two of the RDAP. The parties also do not dispute that petitioner must complete the community-based component of the program before he is entitled to consideration for early release under § 3621(e). (Pet'r's Mem. of P. & A. at 5; Resp't's Mot. to Dismiss at 1-2.) In this regard, Program Statement 5330.10, § 5.1 provides that "[i]nmates enrolled in a residential drug abuse treatment program shall be required to complete subsequent transitional services programming in a community-based program and/or in a Bureau institution." By the time respondent filed the pending motion to dismiss, the BOP had already decided to treat petitioner as if he had successfully completed the first two components of RDAP. In addition, the BOP had commenced review of petitioner's eligibility for participation in the community-based component of RDAP. Thus, the BOP had effectively rescinded the "Change In Drug Abuse

1  Status" form it had issued to petitioner on November 2, 2007, denying his eligibility for
2  consideration under § 3621(e) for early release.

3  Moreover, on September 4, 2007, petitioner filed a notice of change of address in
4  this case, informing the court that he had been transferred from Federal Corrections Institution,
5  Herlong to the Residential Re-entry Center-Gateway, in Los Angeles, California.[2]  Thus, it
6  appears that the BOP has not only reviewed petitioner's eligibility for the community-based
7  component of RDAP but has enrolled him in that component of the program.  Accordingly, any
8  claim petitioner may have once had regarding BOP's retroactive application of its 1997 Program
9  Statement in his case is now moot.  To the extent respondent's motion to dismiss seeks dismissal
10 of petitioner's first claim, it should be granted.

11 Second, petitioner contends that respondent was deliberately indifferent to his
12 drug abuse treatment by waiting until six months prior to his release to a halfway house before
13 denying him eligibility for early release.  Petitioner argues that intentionally interfering with
14 prescribed treatment is a form of deliberate indifference to a serious medical need prohibited
15 under Estelle v. Gamble, 429 U.S. 97, 104 (1976).

16 With respect to this claim, petitioner is advised that habeas corpus proceedings are
17 the proper mechanism for a prisoner seeking only to challenge the fact or duration of his
18 confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  In contrast, a civil rights action is
19 the proper mechanism for a prisoner seeking to challenge the conditions of his confinement.
20 Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Bivens v. Six Unknown Named Agents, 403
21 U.S. 388, 390, 397 (1971).  Petitioner's claim of deliberate indifference to his drug abuse
22 treatment needs concerns conditions of his confinement and therefore may be raised only in a
23 civil rights action.  Accordingly, petitioner's second claim should be dismissed without prejudice
24 /////

---

26  [2] Previously, Residential Re-Entry Centers ("RREC") were referred to as Community Correctional Centers or CCC's.

1  to the filing of a civil rights action should he wish to pursue such a claim despite his recent
2  transfer to a RREC by the BOP.
3       Petitioner next contends that he did not fail the non-residential transition services
4  program and therefore still qualifies for early release. Petitioner's claim in this respect is
5  confusing and somewhat unclear. It appears that petitioner is claiming that because he completed
6  the first and second components of the RDAP, he is therefore eligible for early release from
7  prison to commence the community-based component of the RDAP. Placement in a community-
8  based confinement is not a release but merely a designation of a place of confinement.
9  Moreover, for the reasons discussed in detail above and in light of his recent transfer to the
10 Residential Re-entry Center-Gateway, petitioner's claim has been rendered moot. Respondent's
11 motion to dismiss petitioner's third claim, should be granted.
12      Finally, to the extent petitioner has argued in his briefing that he is eligible for
13 early release and/or a sentence reduction prior to his completion of the third component of the
14 RDAP, he is in error. In order to successfully complete the RDAP and become eligible for
15 consideration for an early release, petitioner must complete each phase of the program in its
16 entirety. The plain language of the statute only permits such consideration upon successful
17 completion of a "treatment program," not "residential substance abuse treatment." 18 U.S.C. §
18 3621(e)(2)(B). See also McClean, 173 F.3d at 1182 ("the statute does not preclude the BOP
19 from reasonably exercising its discretion to require prisoners to successfully complete other
20 treatment programs in addition to a residential substance abuse treatment program."). In
21 addition, the statute expressly grants the BOP discretion to keep prisoners in custody even after
22 they have completed a residential substance abuse treatment program. See 18 U.S.C. §
23 3621(e)(2)(A); McClean, 173 F.3d at 1182-83. Similarly, to the extent that petitioner has argued
24 that he is eligible for early release because he meets the definition of "eligible prisoner" under §
25 3621(e)(5)(B), he is also in error. As has been recognized by the courts:
26 /////

> A prisoner is merely entitled to participate in residential substance abuse treatment and aftercare if he is 'eligible' under § 3621(e)(5)(B). Whether a prisoner is statutorily eligible for sentence reduction, however, depends on whether he or she meets the requirements of § 3621(e)(2)(B).

McClean, 173 F.3d at 1183, n.8.

## OTHER MATTERS

The parties have filed several other motions. On April 11, 2007, respondent filed a motion to stay these proceedings because petitioner had not yet finished exhausting his administrative remedies. On April 20, 2007, petitioner filed an opposition to that motion. On July 23, 2007, respondent informed the court that petitioner's administrative appeal had been completed and that relief was denied. Accordingly, respondent's April 11, 2007 motion to stay these proceedings pending the administrative appeal will be denied as moot.

On April 27, 2007, petitioner filed a motion for summary judgment seeking entry of judgment in his favor. In light of the undersigned's recommendation that respondent's motion to dismiss be granted, petitioner's motion for summary judgment will be denied as premature.[3]

Finally, on July 23, 2007, respondent filed a motion for an extension of time to file an answer to the petition. On July 25, 2007, respondent timely filed the instant motion to dismiss. Accordingly, respondent's motion for an extension of time will be denied as unnecessary.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's April 11, 2007 motion to stay these proceedings is denied as moot;

/////

---

[3] Federal habeas proceedings are governed by the Rules Governing § 2254 Cases in the United States District Courts. The Federal Rules of Civil Procedure may be applied to a habeas proceeding, at the court's discretion, when such rules are not inconsistent with any applicable statutory provision or the rules governing federal habeas proceedings.

2. Petitioner's April 27, 2007 motion for summary judgment is denied as premature; and

3. Respondent's July 23, 2007 motion for an extension of time is denied as unnecessary.

IT IS HEREBY RECOMMENDED that:

1. Respondent's July 25, 2007 motion to dismiss the petition as moot be granted in part as to claims one and three;

2. Petitioner's second claim regarding conditions of confinement be dismissed without prejudice to bringing a civil rights action; and

3. Petitioner's writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 2, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lugo0278.157